**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON**

IN THE MATTER OF:
**ROBERT R. LISTER**                                                                                         Case No: 11-51006

**KENNETH E. WATTS REAL ESTATE MANAGEMENT
d/b/a WATTS REALTORS & AUCTIONEERS, INC.**                                    **PLAINTIFF**

vs.                                                                                                     Adv. Proc. No. 11-5044

**ROBERT R. LISTER**                                                                                      **DEFENDANT**

**MEMORANDUM OPINION**

On April 4, 2011 (the "Petition Date"), Robert R. Lister ("Debtor") commenced the underlying bankruptcy case by the filing of a voluntary petition with the United States Bankruptcy Court of the Eastern District of Kentucky (the "Bankruptcy Case").

Debtor is an individual who, on the Petition Date, resided in Nicholasville, Kentucky. As of the Petition Date, Debtor rented certain real property located at 208 Virginia Lane, Nicholasville, Kentucky (the "Property") from Plaintiff Kenneth E. Watts Real Estate Management d/b/a Watts Realtors & Auctioneers, Inc. ("Watts"). Subsequent to the Petition Date, Debtor vacated the Property. Watts commenced this adversary proceeding pursuant to § 523(a)(6) of title 11 of the United States Code (the "Bankruptcy Code") alleging the damage to the Property, well beyond what could be considered normal wear and tear, caused injury to Watts, the result of which constituted a debt that is not subject to discharge.

At trial of this adversary proceeding, Watts offered both documentary evidence as well as the testimony of Kenneth Watts, president of Watts. Debtor, acting *pro* se, also testified. The uncontroverted evidence supports the following findings of fact:

1.      On the Petition Date, and continuing until the present, Debtor was and is a resident of Jessamine County, Kentucky.

2.  Watts is a Kentucky corporation engaged in the business of owning and managing real property located in the Commonwealth of Kentucky and maintains its principal place of business in Jessamine County, Kentucky. Watts is organized and exists under the laws of the Commonwealth of Kentucky and is a corporation in good standing.

3.  Kenneth Watts is the president of Watts and has over thirty years experience in owning and managing real property. In that capacity, he has managed hundreds of pieces of real property. Mr. Watts has experience and knowledge of what constitutes reasonable wear and tear of rental property at the expiration of any given lease term.

4.  On June 10, 2010, Debtor executed a Lease Agreement with Watts for rental of real property located at 208 Virginia Lane, Nicholasville, Kentucky and delivered the signed Lease Agreement to Watts. (Doc. 1, Ex. 1).

5.  Simultaneously, Debtor executed a form outlining the Terms and Conditions imposed by Watts and agreed to by Debtor in connection with the rental of the Property. Prior to taking occupancy of the Property, Debtor conducted an inspection of the Property and executed a form acknowledging Debtor found the Property to be in good condition. Debtor agreed in writing to return the Property to Watts in a similar condition.

6.  On or before April 4, 2011, Debtor vacated the Property; giving notice of this fact by placing a hand-written note through the mail slot at Watts' office outside normal working hours. Mr. Watts discovered the note upon arriving at his office for work and immediately went to the Property and conducted an inspection.

7.  During this inspection Mr. Watts found:

   a. extensive damage to the garage door which required replacement;
   b. window screening removed in such a manner to require replacement;
   c. fecal matter on the toilet lid and in the bathtub;
   d. broken incandescent bulbs in overhead fixtures leaving the screw cap in the socket;
   e. vandalism to the electric system of the house, including cross wiring of the thermostat;
   f. a substance spilled on the carpet throughout the house which could not be cleaned and required replacement;

2

      g. a towel rod removed; and

      h. filth and discarded furniture throughout the house and yard.

8. The damage to and the condition of the Property exceeded reasonable wear and tear for the ten months it was occupied by Debtor.

9. Watts spent $4,281.56 on the repairs necessary to return the Property to the condition it was in prior to Debtor's occupancy.

10. Debtor previously paid Watts a Pet Deposit in the amount of $500.00 and a Security Deposit in the amount of $900.00.

11. Watts seeks recovery from Debtor totaling $3,631.56 in accordance with the Accounting filed by Watts in this matter. (Doc. 20).

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue in the Eastern District of Kentucky was proper as of the Petition Date and continues to be proper under 28 U.S.C. § 1408.

The determination of whether an injury was willful and malicious is a question of law. *See In re Zwosta*, 395 B.R. 378, 383 (B.A.P. 6th Cir. 2008).

A debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) if it is incurred for willful and malicious injury by the debtor to another entity or to the property of another entity. 11 U.S.C § 523(a)(6).

The plaintiff has the burden of proving the § 523(a)(6) requirements by a preponderance of the evidence. *Zwosta*, 395 B.R at 382. The plaintiff must show (1) debtor's actions caused an injury to the property of another entity; (2) debtor's actions were willful; and (3) debtor's actions were malicious. *West Michigan Community Bank v. Wierenga (In re Wierenga)*, 431 B.R. 180 (Bankr. W.D. Mich. 2010). If a plaintiff establishes its prima facie case, the burden shifts to the debtor/defendant to present credible evidence a defense to the liability exists. *Zwosta*, 395 B.R. at 382-83.

Under § 523(a)(6), the term "willful" means "deliberate or intentional." *Wheeler v.*

3

*Laudani*, 783 F.2d 610, 615 (6th Cir. 1986).  To prove willful behavior, a plaintiff must prove the debtor believed the consequences of his actions were substantially certain to result from his acts.  *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 464 (6th Cir. 1999).  A plaintiff must show a debtor had an intent to do harm.  *Id*; *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998) (holding the actor must intend the consequences of the act and not just the act itself).

The term "malicious" means in conscious disregard of one's duties or without just cause or excuse.  *Wheeler*, 783 F.2d at 615; *JGR Associates LLC v. Brown* (*In re Brown*), 442 B.R. 585, 620 (Bankr. E.D. Mich. 2011).  Malicious conduct does not require ill-will or specific intent to do harm.  *Wheeler*, 783 F.2d at 615.

Courts in the Sixth Circuit have identified a non-exclusive list of types of misconduct satisfying the willful and malicious injury standard.  *In re Musilli*, 379 Fed.App'x. 494 (6th Cir. 2010).  The list includes intentional torts such as intentional infliction of emotional distress, malicious prosecution, conversion, assault, false arrest, intentional libel, and deliberately vandalizing the creditor's premises.  *Id.*; *Steier v. Best (In re Best)*, 109 Fed.App'x. 1, 5 & n.2 (6th Cir. 2004); *National Sign & Signal v. Livingston*, 422 B.R. 645, 658 (W.D. Mich. 2009).

By the evidence presented at trial, Plaintiff established a prima facie case the Property was deliberately vandalized.  Debtor's actions caused damage to the Property in a manner grossly exceeding normal wear and tear.  No credible evidence was offered as a defense to the evidence of damage or to the willful and malicious nature of the damage.

Accordingly, the debt to Watts should be excepted from discharge under the provisions of 11 U.S.C. § 523(a)(6).  *In re Sintobin*, 253 B.R. 826 (Bankr. N.D. Ohio 2000).

Watts includes attorney fees in the amount of $500.00 and a filing fee of $250.00 in the total damages amount of $3,631.56.  Watts provides no authority in support of an award of attorney fees and costs under § 523(a)(6).  Therefore, the amount excepted from discharge shall not include legal expenses totaling $750.00.

Watts is entitled to judgment against Debtor in the amount of $2,881.56.

The foregoing constitutes the findings of fact and conclusions of law.  In reaching the conclusions, all evidence, exhibits and arguments were considered, regardless of whether or not specifically referenced herein.  A separate order shall be entered accordingly.


Copies to:
Constance G. Grayson, Esq.
Robert Lister, Defendant *pro se*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Wednesday, November 23, 2011
(jms)**